UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DUVELL MOZART EVERETT,            )
                                  )
           Petitioner,            )
                                  )
    vs.                           )        2:11-cv-080-JMS-MJD
                                  )
CHARLES LOCKET,                   )
                                  )
           Respondent.            )

**Entry Discussing Petition for Writ of Habeas Corpus**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for post conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." Id. at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

In this case, habeas petitioner Duvell Everett seeks relief from his conviction for drug offenses in the United States District Court for the Eastern District of Virginia, but fails to show that a remedy via a motion pursuant to 28 U.S.C. § 2255 was or is inadequate or ineffective to test the legality of his detention. Because Everett cannot obtain either the review or the relief he seeks in this action pursuant to 28 U.S.C. § 2241(c)(3), the action must be dismissed. *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _____11/07/2011_____

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana